UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIA ANDERSON,

                          Plaintiff,

              -against-

EXPERIAN,

                          Defendant.

19-CV-8833 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and state law. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the

elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at

555. After separating legal conclusions from well-pleaded factual allegations, the court must

determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Experian, a credit reporting agency, asserting claims

arising out of a debt. But Plaintiff's complaint is confusing. Although Plaintiff names Experian

as the sole defendant, he appears to conflate his claims against Experian with that of an unnamed

company, a debt collector who provided inaccurate information to the three credit reporting

agencies. Plaintiff refers to both Experian and the unnamed company as "Defendant," but

because he does not provide the underlying facts giving rise to his claims, it is impossible to

determine the basis for Plaintiff's claims against Experian.

Plaintiff alleges that the defendant acted in a "false, deceptive, misleading and unfair

manner," in violation of the FDCPA by: communicating false and inaccurate information to the

three major credit bureaus; engaging in abusive and harassing conduct through the mail and telephone in connection with the collection of a debt; misrepresenting the amount, character, and legal status of the debt; and threatening to take action against him, including having him arrested. (ECF No. 2, 5.) Plaintiff asserts that the defendant is a debt collector, who purchased the debt at a low price and is now attempting to collect the full amount of the original debt from him. But Plaintiff also refers to the defendant's failure to take the necessary steps to have an unnamed company comply with the FDCPA after he reported that the debt at issue was not his.

Plaintiff further claims that the defendant acted in violation of the FCRA and invaded his privacy by mailing him letters, leaving him phone messages, and threatening to take legal action against him about a debt that does not belong to him. In addition, the defendant has refused to remove inaccurate information from his credit report, which has caused him serious injuries and harm. Plaintiff also claims that the three reporting credit agencies – including Experian – have conducted investigations and "found that Defendant had in fact been reporting false and inaccurate information [and] deleted the inaccurate information as per state and federal laws required." (*Id*. at 6.) But Plaintiff asserts that "the defendant continued [sic] to harassing [sic] Plaintiff through mail communication, constitutes [sic] an invasion of privacy and harassment violations." (*Id*.)

Plaintiff claims that as a result of the defendant's conduct, he sustained monetary damage, as well as injury to his reputation, credit, and privacy. He seeks compensatory damages.

## DISCUSSION

### A.    The Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act (FDCPA) prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The statute seeks to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent

State action to protect consumers against debt collection abuses." *Kropelnicki v. Siegel*, 290 F.3d

118, 127 (2d Cir.2002) (quoting 15 U.S.C. § 1692(e) (internal quotation marks omitted). To

accomplish these goals, the FDCPA creates a private right of action for debtors who have been

harmed by abusive debt collection practices. 15 U.S.C. § 1692k. The FDCPA applies to

consumer debt "arising out of . . . transaction[s]" that "are primarily for personal, family, or

household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp.

2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising

out of a consumer transaction").

   Plaintiff fails to state facts suggesting a claim for relief under the FDCPA. He names

Experian as the sole defendant, appears to identify Experian as a debt collector,[1] and alleges that

Experian used deceptive and misleading practices in its attempts to collect an unidentified debt.

But as one of the three credit reporting agencies, Experian is not normally identified as a debt

collector. Based on the information provided, plaintiff fails to state an FDCPA claim against

Experian.

   Because it is not clear that granting Plaintiff leave to amend would be futile, the Court

grants Plaintiff leave to amend to replead his claims. If in fact Plaintiff seeks to bring FDCPA

claims against Experian, he must allege facts suggesting that Experian is a debt collector and it

used deceptive and misleading practices in connection with collecting a debt. Plaintiff must

---

   [1] A debt collector is defined as: (1) a person whose principal purpose is to collect debts;
(2) a person who regularly collects debts owed to another; or (3) a person who collects its own
debts, using a name other than its own as if it were a debt collector. 15 U.S.C. § 1692a(6); *see
also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that
regularly purchase debts originated by someone else and then seek to collect those debts for their
own account are not necessarily debt collectors subject to the FDCPA).

identify the debt, what Experian's relationship to the debt is, and the deceptive and misleading acts Experian took in its attempts to collect the debt in violation of the FDCPA.

**B.      The Fair Credit Reporting Act**

Congress enacted the Fair Credit Reporting Act (FCRA) to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). "The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citing 15 U.S.C. §§ 1681o & 1681n) (citations omitted).

Plaintiff's assertions implicate two provisions of the FCRA: the duty of consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" of the information contained in a consumer's credit report, 15 U.S.C.§ 1681e(b); and the obligation of such agencies to conduct a "reasonable reinvestigation" if a consumer disputes any information on his credit report, *id*. § 1681i(a)(1)(A). In order to state a claim under § 1681e(b), a plaintiff must allege facts indicating that:

> (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury.

*Gestetner v. Equifax Info. Servs., LLC*, ECF 1:18-CV-5665, 13, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (citation and internal quotation marks omitted); *see also Wenning v. On-Site Manager, Inc.*, ECF 1:14-CV-9693, 105, 2016 WL 3538379, at *8 (S.D.N.Y. June 22, 2016) (same). To state a claim under § 1681i (a)(1)(A), a plaintiff must allege facts showing that

a credit reporting agency failed to reasonably reinvestigate a disputed item. *See Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013). The threshold issue under either provision is whether the challenged or disputed credit information is inaccurate. *See id.* at 272–73 ("[A] plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate."); *Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the challenged credit information is inaccurate. If the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is required.").

Plaintiff fails to state a claim under either § 1681e(b) or § 1681i(a)(1)(A) because he does not allege any facts suggesting that Experian failed to comply with its duties under either provision. Plaintiff's assertions suggest that inaccurate information was reported on his credit report. But he fails to state a claim under § 1681e(b) because he does not allege that Experian negligently or willfully failed to follow reasonable procedures to assure the accuracy of its credit report, that it reported inaccurate information about him, and that Experian's actions cause him injury. Nor does Plaintiff assert facts indicating a claim under § 1681i(a)(1)(A), that is, Experian failed to conduct a reasonable reinvestigation of a disputed claim after he notified the agency of inaccuracies. In fact, Plaintiff claims that at some point, the three credit reporting agencies, including Experian, investigated the matter and deleted inaccurate information from his credit report.

Should Plaintiff choose to replead his claims, he must provide facts suggesting a claim under the FCRA. In particular, he must identify the debt, allege what inaccurate information was furnished to Experian and placed on his credit report, that he disputed the inaccurate information,

and that Experian failed to take reasonable measures initially or upon reinvestigation to assure the accuracy of Plaintiff's credit report.

## C.    State-Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because the Court is granting Plaintiff leave to amend the complaint to state federal claims over which the Court has original jurisdiction, the Court will defer ruling on whether to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

    a)  give the names and titles of all relevant persons;

    b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8833 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 26, 2019
           New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

# AMENDED

# COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
           (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name           Middle Initial      Last Name

_____

Street Address

_____

County, City                  State           Zip Code

_____

Telephone Number           Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4: _____

First Name           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City        State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.