USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/19/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIA ANDERSON,

                    Plaintiff,

      -against-

EXPERIAN,

                    Defendant.

19-CV-8833 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, alleging that Defendant reported misleading and inaccurate information on her credit report. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Experian through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 form with the addresses for Experian and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:
New York, New York
February 19, 2020

_____
ANDREW L. CARTER, JR.
United States District Judge

2

# DEFENDANT AND SERVICE ADDRESSES

1.  Experian
    c/o CT Corporation System
    28 Liberty Street
    New York, New York 10005

2.  Experian
    P.O. Box 4500
    Orange, Texas 75013