UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒

KAIA ANDERSON,

                                    Plaintiff,

                 -against-

EXPERIAN,

                                    Defendant.
‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒

19cv08833 (ALC) (DF)

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE ANDREW L. CARTER, JR., U.S.D.J.:**

This Court having ordered *pro se* plaintiff Kaia Anderson ("Plaintiff") to show cause by

August 21, 2020, why this Court should not recommend that this case be dismissed, for failure to

prosecute (*see* Order To Show Cause, dated July 21, 2020 (Dkt. 25)); and Plaintiff, to this date,

having made no submission to the Court in response to the Court's Order To Show Cause;

despite more than two weeks having passed since the stated deadline; I respectfully recommend,

for these reasons and the reasons stated in the Court's July 21, 2020 Order To Show Cause

(a copy of which is attached hereto for reference), that this action be dismissed without prejudice

and this case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, should

be filed with the Court in accordance with the attached instructions, and directed to the

Honorable Andrew L Carter, Jr. Any requests for an extension of time for filing objections must

be directed to Judge Carter. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14)

DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE

APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension*

*Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d

Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714

F.2d 234, 237-38 (2d Cir. 1983).

The Clerk of Court is directed to mail a copy of this Report and Recommendation,

together with the attached Order To Show Cause and Notice regarding *Pro Se* Filings, to Plaintiff

at the address listed on the Docket and shown below.

Dated:  New York, New York
        September 14, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Ms. Kaia Anderson
113-12 201st
St. Albans, NY 11412

Defense counsel (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAIA ANDERSON,

                        Plaintiff,                      19cv08833 (ALC) (DF)

            -against-                                   **ORDER TO SHOW CAUSE**

EXPERIAN,

                        Defendant.

**DEBRA FREEMAN, United States Magistrate Judge:**

This action, brought by *pro se* plaintiff Kaia Anderson ("Plaintiff") under 28 U.S.C.

§ 1331, has been referred to this Court by the Honorable Andrew L. Carter, Jr., U.S.D.J., for

general pretrial supervision.  At this point, though, Plaintiff has failed to appear twice in a row

for an initial pretrial conference scheduled, and then rescheduled, by this Court.  Further,

according to statements made by Defendant's counsel (who appeared for each scheduled

conference), Defendant's counsel has been unable to reach Plaintiff to meet and confer.  Under

the circumstances, this Court is considering recommending to Judge Carter that Plaintiff's

Complaint be dismissed for failure to prosecute.  Before doing so, however, this Court will

afford Plaintiff an opportunity to address her failures to appear and to respond to Defendant's

counsel's statements.  As set forth below, Plaintiff is directed to respond to this Order **no later**

**than August 21, 2020.**

## BACKGROUND

After this case was referred to this Court, this Court scheduled an initial pretrial

conference, which was to be held by telephone because of the COVID-19 outbreak.  The

conference was initially scheduled for June 2, 2020, and then was adjourned to June 16, 2020 at

Defendant's request, to allow the parties to meet-and-confer on a potential case management

plan.  (*See* Dkts. 19, 21.)  Plaintiff, however, failed to appear on June 16th.  Further, when this Court inquired of Defendant's counsel as to whether she had been in touch with Plaintiff, counsel informed the Court that the parties had not communicated, as Plaintiff had neither responded to correspondence sent to her in the mail, nor been reachable by telephone at the telephone number that she had initially provided to the Court.  According to counsel, another person answered the phone when counsel called that number, and this other person informed counsel that the number had been newly obtained and was not currently a correct telephone number for Plaintiff.

Following Plaintiff's failure to appear at the June 16 conference, this Court issued a new Scheduling Order, in which it noted Plaintiff's non-appearance.  In the same Order, this Court re-scheduled the initial pretrial conference for July 16, 2020, and explicitly cautioned Plaintiff regarding both her need to keep the Court apprised of her current contact information, and her need to appear for Court conferences.  (Dkt. 24.)  Specifically, this Court stated the following:

> Plaintiff is cautioned that she has the obligation to keep the Court informed of any change in her address or other contact information, so that the Court's Docket for this action will reflect her accurate contact information and the Court will be able to supervise this matter.  If Plaintiff has moved or relocated, then she should promptly send a written notice to the *Pro Se* Intake Unit with her new address.

> Plaintiff is further cautioned that if she fails to update her contact information and this Court is therefore unable to reach her, or if she again fails to appear for a conference scheduled by this Court, then this Court may recommend that her case be dismissed without prejudice for failure to prosecute.

(*Id*.)

Despite these warnings, Plaintiff did not provide the Court with any updated contact information, and failed to appear on July 16th.  Once again, Defendant's counsel informed the Court that she had not been in communication with Plaintiff.  Further, to date, the Court has

2

received no communication from Plaintiff, either requesting an adjournment of the last conference, or explaining her failure to appear.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks omitted)).  Moreover, a plaintiff has a general obligation to prosecute her case diligently, and, if she fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A plaintiff's lack of diligence alone is enough for dismissal."  *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted).  The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524.  Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute her case.  *Link*, 370 U.S. at 630-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider:  "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal."  *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl.*

3

*Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).  "Generally, no one factor is dispositive," *Williams v. Kelly*, No. 11cv9607 (PAC) (KNF), 2014 WL 630654, at *3 (S.D.N.Y. Feb. 18, 2014) (citing *Nita*, 16 F.3d at 485), and the sanction of dismissal should be considered "in light of the record as a whole," *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted).

This Court acknowledges that Plaintiff is proceeding in this action *pro se*, and that, at the time she commenced this action, she may not have had a sound understanding of her obligations. This Court also notes that the COVID-19 pandemic has made it more difficult for many people to engage in certain activities.  Nonetheless, as noted above, this Court has given Plaintiff notice that she could face the potential dismissal of her case if she failed to keep the Court apprised of her current contact information and failed to comply with an order of the Court to appear before it for a conference.  The Court cannot meaningfully supervise this case if Plaintiff, with no explanation, fails to appear when directed to do so.  Moreover, without any communication from Plaintiff, the Court cannot ascertain whether special circumstances of some type are hindering her ability to participate in this case, at this time, *see Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (noting that, if plaintiff had "been frustrated in [his] good faith efforts to comply" with his obligations in the litigation, then his argument that dismissal was too harsh might have been colorable), or if she has consciously decided to forego further participation in court proceedings.  Further, there is obvious prejudice to Defendant resulting from its inability to contact Plaintiff so as to plan how to move forward with discovery in this action.

While dismissal of Plaintiff's claims may therefore be warranted, this Court will consider any explanation that Plaintiff may wish to provide for her failures to appear in court and to provide the Court with updated contact information, before taking the significant step of

recommending to Judge Carter that the action be dismissed for failure to prosecute.  <u>Plaintiff is cautioned that, if she fails to respond to this Order To Show Cause, then the Court will likely recommend dismissal of the action.  Moreover, although the dismissal would be without prejudice to reassert her claims, Plaintiff should be aware that, if this action is dismissed, her initial filing would not act to toll the relevant statute of limitations, which would then continue to run on her claims.</u>

Given the severity of the sanction of dismissal, the Court has considered whether any lesser sanction might be sufficient to ensure Plaintiff's appearance when required, but notes that its explicit prior warning to Plaintiff of this potential sanction did not prove effective in securing her appearance.  While it is, of course, possible that Plaintiff was never aware of the Court's prior Order because she was not receiving her mail, the Court stresses that, where a plaintiff cannot be contacted, the Court simply cannot supervise that plaintiff's case.  Under the circumstances, if Plaintiff does not avail herself of the opportunity now being provided by the Court to explain the basis for her absence and to clarify how she may be contacted, a dismissal under Rule 41(b) may be the most appropriate result.

## CONCLUSION

For the reasons stated above, <u>Plaintiff is directed to show cause, in writing, no later than August 21, 2020, why the Court should not recommend to Judge Carter that this action be dismissed without prejudice for failure to prosecute.</u>

Any response by Plaintiff to this Order should be filed by submitting it to the Court's *Pro Se* Intake Unit, in accordance with the attached instructions as to how *pro se* filings may be made during the period of the COVID-19 outbreak.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with a copy of the attached Notice of filing instructions, at the address listed for Plaintiff on the Docket, which is also shown below.

Dated:  New York, New York
        July 21, 2020

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

Ms. Kaia Anderson
113-12 201st
St. Albans, NY 11412

Defense counsel (via ECF)

**Notice to Plaintiff Regarding How To Make *Pro Se*
Filings During the Period of the COVID-19 Outbreak:**

The Court's *Pro Se* Office is not open for in-person visits at this time.  Accordingly, until

further notice by the Court, any filings by Plaintiff, including any response to this Order, should

be made in one of the following three ways:

(1)    <u>By email.</u>  This is the fastest way to file documents at this time.
To file by email:

(a)    Plaintiff must sign the document, either by signing before
scanning or by typing her name after an s-slash, like this:
"/s/ Kaia Anderson,"

(b)    the document must include Plaintiff's name, address, phone
number, and email address (if available), and

(c)    the subject line of the email must state that it is a *pro se*
filing, and include the case number, as follows:  "*Pro Se*
Filing – 19cv08833."

The response may then be emailed to the following email address:

Temporary_Pro_Se_Filing@nysd.uscourts.gov

Documents submitted by email that do not comply with these instructions
will be disregarded.

(2)    <u>By Drop Box.</u>  If Plaintiff is unable to email the materials she wishes to
file, then she may drop them off at the courthouse.  The drop box is
located in the lobby of the 200 Worth Street entrance to the Daniel Patrick
Moynihan ("DPM") Courthouse, next to the security station, and is
available 24 hours a day and 7 days a week to drop off filings.  The
Clerk's Office will retrieve drop box filings during the hours of 8:30 a.m.
to 4:00 p.m., Monday through Friday.  The materials should be clearly
marked with Plaintiff's name and the case number.

(3)    <u>By mail.</u>  Plaintiff may still mail any papers to be filed to the
DPM Courthouse, at the following address:

*Pro Se* Intake Unit
U.S. Courthouse
500 Pearl Street
New York, NY 10007.

7